UNITED STATES of America, Plaintiff-Appellee,

v.

Melvin Morris CLAYTON and Lester M. Green, Appellants.

Nos. 25975, 25976.

United States Court of Appeals, Ninth Circuit.

Dec. 7, 1970.

---

Earle Partington (argued), James P. Hagerstrom, of Defenders, Edward A. Infante, of Defenders, San Diego, Cal., for appellant Clayton.

Harold D. Dickstein (argued), San Diego, Cal., for appellant Green.

Joseph A. Milchen (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS, HAMLEY and KILKENNY, Circuit Judges.

PER CURIAM:

On September 5, 1969, Green rented a car and equipped it with overload shock absorbers in the rear. The following day, his good friend Clayton drove the car to Tijuana, and parked it in the lot at the Caliente race track. Later the aliens were discovered in the trunk of the car when Clayton crossed the border at San Ysidro, California.

Clayton was convicted of conspiracy, smuggling and transporting aliens in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 371. Green was convicted of conspiracy only.

There was admitted at trial for impeachment purposes testimony of Assistant U. S. Attorney McCue to the effect that Clayton, accompanied by his lawyer, had come into his office and discussed the events of the weekend on which he was arrested. The discussion would confirm that Clayton was guilty on all counts, but that Green had played no part in the crime. Clayton contends that this testimony was inadmissible because it was an offer of compromise. We find nothing in the record to indicate that this was in fact an offer to plead guilty. Clayton's argument that admission of McCue's testimony destroyed the effectiveness before the eyes of the jury of his attorney and that therefore he was deprived of the right to counsel must fall of its own weight.

Admission into evidence of a past act of Green was carefully hedged about with admonishment to the jury to disregard the testimony with respect to Clayton; any error that may have crept in was thereby cured as to Clayton.

Any error in instructions to the jury given by the court during the jury's de-liberation, we find qualifies as invited error done by competent counsel.

As to Green, we find the evidence just too thin to support his conviction.

Reversed as to Green and affirmed as to Clayton.